———o———

No. 4785.

Court of Appeal, Parish of Orleans.

## MRS. M. BUTLER ET AL. VS. PEOPLE'S FIRE INSURANCE COMPANY.

Where in a fire insurance policy the premium on which is paid weekly, such payments being made to the collector of the insurance company at the domicile of the insured and the life of said policy is fixed by a clause to the effect that "this policy to expire and become null and void at noon of the date that two consecutive weekly premiums are due and unpaid." And a fire occurs a few hours after noon of the date that "two consecutive weekly premiums are due and unpaid." Held: That the Insurance Company having adhered uniformly to the custom of sending its collector to collect the premiums on the policy, justified the plaintiff, who had always been prompt in paying, in wait-

ing for and expecting the collector, and the Insurance Company cannot escape liability for the loss.

When the collector failed to present himself to receive the payment of premiums, the plaintiff was entitled to a special notice, and only in this manner could the custom or course of dealing adopted by the company be changed.

And it will not avail the company to urge that the insured was notified by a writing in the policy that if the collector failed to call the premium should be sent to or paid at the office of the company. The plaintiff had always paid the collector at her residence, and she could not anticipate that he would not come as usual on the day on which the premium was due and on which the fire occurred.

Appeal from Civil District Court, Division "B."

Weis & Saxon, for Plaintiff and Appellee.

O'Donnell & Hollingsworth, M. S. Dreifus, for Defendant and Appellant.

ESTOPINAL, J. The defendants are appellants from a judgment rendered against them upon a policy of insurance against fire issued by them to the plaintiff.

The facts are substantially these: On the ninth day of September, 1907, a policy of fire insurance, for One Thousand Dollars $1,000.00) was issued to plaintiff on the household furniture and effects situated at No. 2322 Sixth Street, and a premium of Twenty-five Cents, payable weekly, was to be paid by the insured, plaintiff. The life of the policy is stated in that instrument in the following words: "This policy to remain in force for a period beginning September 9, 1907, and to continue as long as said weekly premiums are promptly paid (this policy to expire and become null and void at noon of the date that two consecutive weekly premiums are due and unpaid)."

It is not disputed that plaintiff paid the weekly premiums up to and including November 18, 1907, and that this and every premium falling due before that date had been paid by the plaintiff to the company's collector.

On November 25 the defendant collector did not appear, nor did he present himself on December 2, and on that day (December 2, 1907), at about 5 p. m. a fire occurred which destroyed plaintiff's property, the value of which is testified to have been Nine Hundred and Fifty-one Dollars and Forty-four Cents ($951.44), for which amount the lower Court gave judgment.

—355—

It will be noted that under its terms the policy "is to expire and become null and void at noon of the date that two consecutive weekly premiums are due and unpaid." Thus we find that insured must be delinquent for two consecutive weeks before he forfeits his rights under the policy. Having paid on the 18th of November, 1907, the next premium was due November 25. This premium plaintiff did not pay, the defendant's collector not appearing. The policy remained in force, however, till December 2, when the next premium was due. Again, the collector failed to appear and after the noon hour of that day, the property was burned. It is urged by the Insurance Company as a defense, and from our conception of the issues herein is the main defense set up, that the policy had lapsed by the non-payment of the premium as provided in the contract.

Of course it may not be doubted that a clause in a fire insurance policy which renders void the policy and discharges the insurer when the premium is not paid within a certain time is valid, but this clause when connected or surrounded by certain other peculiar conditions, must be considered in reference to those conditions. In the instant case we find the defendant to be engaged in taking fire risks on the property of the poor and the ignorant classes principally.

The rates of insurance are not shown to be materially less, if at all less, than those charged by other insuranc companies, but the insured is permitted to make small weekly payments. The company doubtless realizing the impracticability of having their patrons on account of their station in life and their number, call at the company's office to pay their premiums, employed collectors who would call upon the insured weekly to receive the payment of the premiums.

The question arises, and as said before, it is the only serious question in the case, should the plaintiff, who has always been ready and prompt to pay the premium on her policy when the defendant collector presented himself, be held to have lost he rights under the policy because, forsooth, the company's collector failed to call as was his custom and the rule, to collect the premium? We think not. Plaintiff had been prompt in paying before and would have paid the premium subsequent to November 18 had the company sought payment. But, says the defendant insurance company, the insured was warned or notified that

if the collector failed to call for the premiums, these must be sent to or paid at the company's office. The plaintiff says that she does not know how to read, and was not told of these instructions by the company or its agent or collector. The collector had always called and she had paid him each time that he did.

It is repugnant both to equity and law that a party to an agreement should be lulled into a sense of security by the adoption by the other party of a certain course of dealing, adhered to until the happening of an event from which the contract is designed to protect the first party, and then avoid the consequence by setting up that another course was open to the first party. But admitting arguendo that it was incumbent upon the insured, when the collector failed to call to collect the premium of the 2d of December, to go to the collector's office and there pay the premium, when should she have done so, at what hour? The company's instructions read: "If the collector does not come," etc. As already said, the collector had always come before. The policy if the premium had not been paid would lapse at noon of December 2. We think the custom uniformly adhered to by the company of sending its collectors justified the plaintiff in waiting for and expecting him. She could not anticipate that he would not come, and in such anticipation call before noon and pay at the office. The fire happened four or five hours after noon. It is not shown by the record, and perhaps the idea of going to the company's office never occurred to her, she was however entitled to a reasonable time in which to protect her policy. *Non constat* but what she would have gone to the office on December 3, the day after the fire, and pay her insurance.

It is the accident of this case that the fire occurred five hours after noon. Suppose it had occurred five minutes after noon, could the Insurance Company avoid its obligation to pay the loss by setting up that the insured should have paid at the office when the collector failed to call on her? Certainly not. The company made the rule, and it will not be permitted to avoid it by placing upon it a narrow construction. It might as well be urged that where the insured called at the company's office before the hour fixed for the expiration of the policy, for the purpose of paying the premium and finding the office closed, or for some other reasons brought about by the company's action, is unable to make a payment, that in case of loss by fire occurring

—357—

shortly after the hour fixed, he shall have no right to recover. The position is not tenable.

The defendant company seeks to escape liability by questioning the title of plaintiff to the property on which the risk was taken. This defense should have been specially pleaded. Had the testimony touching title been permitted to go without objection, we should consider it, but objection was made and properly sustained.

It appears to us, however, that the company's only interest is to avoid double payment, and where the suit is instituted by the wife, who claims the property as her own, and she is duly authorized by hr husband, the latter is concluded and would not be heard thereafter to urge that the property was that of the community, or any other question having for its purpose recovery from the defendant for loss by fire of the same fire. He would be unquestionably concluded and estopped.

The contention of the defendant that there was an over-valuation of the property has no merit.

The evidence shows that the defendant's agent examined the property in plaintiff's house, valued her furniture, etc., at $600, but advised her to take out a policy of $1,000, for which she would pay a premium of 25 cents weekly. The premium was what the defendant was after; it fixed the value itself. It cannot now, after the loss, seek to repudiate its own action.

Plaintiff does not seek to recover $1,000, but testified that the property was worth $975.15.

Our learned brother of the District Court has given judgment for the amount prayed for, and we shall affirm that judgment.

Judgment affirmed.

June 9, 1909.

Rehearing refused, June 23, 1909.

Writ refused by Supreme Court, October 13. 1909.